Thurman, for appellant.
Chelf, Read & Twyman, for appellee.

---

GEORGE BEAGLE v. ANDREW BRADLE, &c.

Fraudulent Conveyances—Limitation of Action.

Appellee was the owner of a tract of land in Harrison county in his own right. He exchanged this land for other land, and caused a deed to be made to his wife at a time when he was insolvent and after the creation of appellant's debt. The deed to Mrs. Bradley was recorded in the Harrison county court more than five years before the institution of this suit. Held, That the appellant knew of the existence of this fraud more than five years before he brought his suit, and the statute of limitation relied on by appellee is a bar to his recovery.

APPEAL FROM HARRISON CIRCUIT COURT.

January 25, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The appellant, George Beagle, obtained judgments at law, on several notes against Andrew Bradley, upon which executions were issued and placed in the hands of the sheriff, and by him returned "no property found." He then filed the present suit in equity against the appellees, Andrew Bradley and his wife, Angeline Bradley, in which he alleges that Bradley was the owner of a tract of land in Harrison county in his own right, and that he exchanged this land with a man by the name of January for his (January's) land, and caused a deed to be made by the latter to his (Bradley's) wife, for the purpose of defrauding his creditors, etc.; that Bradley was at the time insolvent, and the conveyance made to his wife long after the creation of appellant's several debts. The appellees filed an answer, in which they say that the deed to Mrs. Bradley was recorded in the Harrison county clerk's office, and that the only consideration for its execution to the wife by January was the conveyance of this tract of land owned by the husband. They also allege that the making of the deed, and the consideration therefor, were all facts within the knowledge of the appellant more than five years previous to the institution of his suit. The deed to Mrs. Bradley was recorded in the year 1859, and the proof shows that the appellant knew all about its execution and the consideration therefor, and was, shortly after its date, threatening to have it cancelled and subjected to the payments of his debts.

The appellant insists, however, that the conveyance to the wife was voluntary and, therefore, void, and that the statute of limitations is no bar to the action, as the void conveyance vested the wife with no title, and left the equitable right thereto in the husband. We are not prepared to agree with counsel for the appellant in saying that the five-year statute is not an available defense in such a case, and, without determining this question, we can not perceive how this case is embraced by the statute declaring voluntary conveyances void. There was no conveyance in this case by the husband to the wife, although the facts show that the sole consideration for the conveyance made to the wife was the land conveyed by the husband to January. In the case of Doyle vs. Sleeper, 1 Dana 572, this court decided that the statutes against fraudulent conveyances was intended to operate only in cases where the debtor himself had made the conveyance, and not where the debtor had

purchased the property and caused the conveyance to be made to a third person. It was held, however, in that case that conveyances made in fraud of prior creditors were void at common law. In the present case, the husband was insolvent; the conveyance was made to the wife at the instance of the husband, and for land that the husband had purchased with his own means; the debts of the appellant were in existence at the time the conveyance was made, and it was a fraud upon his rights. The 21st section of chapter 80, 1st volume, Revised Statutes, also makes such a conveyance fraudulent as to existing debts. The 20th section of this statute reads: *"When a deed shall* be made to one person, and the consideration thereof paid by another, no use or trust shall *result to the latter."* And the 21st section provides *"that such deed shall be deemed fraudulent as against the existing debts* and liabilities of the person paying the consideration." The consideration in this case was all paid by the husband, and the case, as proven, is not only fraudulent at common law, but made so by the statute referred to. The appellant knew of the existence of this fraud more than five years before he brought this suit, and the statute of limitations relied on by the appellees is a bar to his recovery.

The judgment of the court below is affirmed.

*A. H. Ward,* for appellant.
*J. S. Boyd,* for appellees.